**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>EDISON INTERNATIONAL; THEODORE F. CRAVER; W. JAMES SCILACCI; RONALD L. LITZINGER,<br><br>Defendants-Appellees. | No.   18-55496<br><br>D.C. No.<br>3:15-cv-01478-BEN-KSC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted November 12, 2019
Pasadena, California

Before:  GRABER, BERZON, and CHRISTEN, Circuit Judges.

Plaintiff City of Fort Lauderdale General Employees' Retirement System

appeals the district court's judgment granting Defendants' motion to dismiss its

Third Amended Complaint. We affirm.

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Plaintiff did not properly allege loss causation, as required for security-fraud actions. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014). The loss causation inquiry "requires no more than the familiar test for proximate cause." *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753 (9th Cir. 2018) (per curiam). "[T]he ultimate issue is whether the defendant's misstatement, as opposed to some other fact, foreseeably caused the plaintiff's loss." *Id.* (citations omitted). Here, Plaintiff alleged that Defendants' falsehoods and omissions artificially inflated Edison's share price and that the inflation dissipated when the truth of Defendants' fraud was revealed to the market through four partial disclosures. Plaintiff did not properly allege that the four partial disclosures revealed the fraud to the market, resulting in Plaintiff's alleged loss.

Three of the four disclosures were too opaque to constitute partial disclosures of the true facts. The three announcements were either requests to undo the settlement by other parties to the settlement or a request for an investigation from a third party. These announcements, without more, are insufficient to establish loss causation because, at most, they put investors on notice of a "*potential* future disclosure of fraudulent conduct." *Loos v. Immersion Corp.*, 762 F.3d 880, 890 (9th Cir. 2014).

The fourth disclosure resembled an announcement of a governmental investigation. An announcement of a governmental investigation can serve as a

basis for loss causation if the plaintiff also alleges a subsequent corrective disclosure. *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1210 (9th Cir. 2016). In *Lloyd*, the plaintiff plausibly alleged loss causation because the defendant's share price dropped "precipitously" by twenty-two percent after the disclosure of the governmental investigation. *Id.* Later, the defendants made a corrective disclosure that confirmed the fraudulent behavior, but that disclosure had a "minimal effect" on the defendant's stock price. *Id.* at 1211. The stark difference in share-price drops between the announcement of the investigation and the corrective disclosure plausibly suggested that the market perceived the original announcement as the revelation of defendant's fraud. *Id.* at 1210–11.

Here, Plaintiff failed to meet the *Lloyd* test. The share-price drop that coincided with the announcement of the investigation was less than one percent, which resembled the share-price drop corresponding to the later corrective disclosure. Given that both drops were small and were similar in magnitude, there was no indication, as there was in *Lloyd*, that the earlier drop plausibly reflected the "market's concerns" about the investigation announcement. *See id.* Thus, Plaintiff failed to tie Defendants' alleged falsehoods and omissions to its loss and did not satisfy the loss causation requirement.

Because our holding on loss causation is sufficient to affirm the district court's judgment, we need not reach the issue of scienter.

**AFFIRMED**.